1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9    HAROLD KENT SUTTON,                    CV F   05-0968 OWW DLB HC

10                    Petitioner,           FINDINGS AND RECOMMENDATIONS
                                            REGARDING RESPONDENT'S MOTION TO
11        v.                                DISMISS

12                                          [Doc. 12]
     SCOTT KERNAN, Warden
13
                      Respondent.
14   _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                              BACKGROUND[1]

19        On March 1, 2002, Petitioner was convicted, following a trial by jury, of six counts of

20   residential burglary (Cal. Penal Code,[2] §§ 459/460); the jury further found that victims Amy

21   Boggs and Judy Arrellano were present in their residences when Petitioner burglarized them

22   (counts three and four).  (CT 23-26, 252-253.)[3]

23        On April 3, 2002, Petitioner was sentenced to an indeterminate term of 125 years to life,

24   five consecutive terms of twenty-five years to life for each count.  In addition, Petitioner was

25
     _____

26        [1] This information is taken from the petition for writ of habeas corpus, Respondent's motion to dismiss, and
     Petitioner's opposition to Respondent's motion to dismiss.

27        [2] All further statutory references are to the California Penal Code unless otherwise indicated.

28        [3] "CT" refers to the Clerk's Transcript On Appeal; "RT" refers to the Reporter's Transcript On Appeal.

1

1  sentenced to two five-year terms for the section 667 enhancements[4] and two one-year terms for

2  the section 667.5(b) enhancements for a total determinate term of twelve years.  In addition, the

3  court imposed a $10,000 restitution fine.  (Respondent's Exhibit 1; RT 1105-1108.)

4          On or about December 17, 2002, Petitioner filed the opening brief in his direct appeal to

5  the California Court of Appeal, Fifth Appellate District, in case number F040348.  (Respondent's

6  Exhibit 2.)

7          On April 4, 2003, Respondent filed its brief with the Fifth District Court of Appeal.

8  (Respondent's Exhibit 3.)

9          On or about May 15, 2003, Petitioner filed a reply brief with the Fifth District Court of

10  Appeal.  (Respondent's Exhibit 4.)

11          On January 22, 2004, the Fifth District Court of Appeal, in an unpublished opinion, upheld

12  the judgment in its entirety.  (Respondent's Exhibit 5.)

13          On March 2, 2004, Petitioner filed a petition for review with the California Supreme Court

14  in case number S123025.  The petition was denied on April 14, 2004.  (Respondent's Exhibit 6.)

15          Petitioner did not file any petitions for writs of habeas corpus in the state courts.

16          On July 28, 2005, Petitioner filed the instant petition.[5]

17          On November 16, 2005, the Court directed Respondent to submit a response to the

18  petition.  Respondent filed the instant motion to dismiss on January 12, 2006.  After the grant of

19  an extension of time, Petitioner filed an opposition on May 15, 2006.

20                                DISCUSSION

21  A.      Procedural Grounds for Motion to Dismiss

22          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

23  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

24  petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to

25

26          [4] The information had alleged Petitioner had suffered five previous serious felony convictions (§§ 667(a)(1)
27  & 667(b)-(I) and had served two prior prison terms (§ 667.5(b)).

28          [5] As will be discussed below, Petitioner challenges the date the instant petition was deemed filed.
    However, the instant action was opened as of July 28, 2005, for procedural purposes.

1  Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

2  remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

3  to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground

4  that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule

5  4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420

6  (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp.

7  1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case

8  law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule

9  4.

10  B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

11          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

12  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

13  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

14  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

15  586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the

16  provisions of the AEDPA.

17          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

18  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

19  subdivision (d) reads:

20          (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.
21      The limitation period shall run from the latest of –

22              (A) the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;

23

24              (B) the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;

25

26              (C) the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or

27

28              (D) the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due diligence.

3

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on March 1, 2002. The California Supreme Court denied Petitioner's petition for review on April 14, 2004.[6] Thus, direct review became final on July 13, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[7] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from July 13, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to expire on July 14, 2005. Petitioner did not file the instant petition until July 28, 2005.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[8] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120

---

[6] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[7] See Sup. Ct. R. 13(1)

[8] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by

1    S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167

2    F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during

3    the time a petitioner is preparing his petition to file at the next appellate level reinforces the need

4    to present all claims to the state courts first and will prevent the premature filing of federal

5    petitions out of concern that the limitation period will end before all claims can be presented to

6    the state supreme court.  Id. at 1005.  The limitations period, however, will not toll for the time a

7    petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167

8    (2001).

9            In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's

10   notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as

11   opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108

12   S.Ct. 2379, 2385 (1988); Saffold v. Newland, 224 F.3d 1081, 1097 (9th Cir. 2000) (applying

13   mailbox rule to both federal and state habeas corpus petitions for purposes of the AEDPA).  The

14   rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison

15   authorities whom he cannot control and whose interests might be adverse to his."  Miller v.

16   Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271, 108 S.Ct. at 2382.

17   The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the

18   AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston

19   v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The burden is on the government to

20   show when the prison officials actually received the pleading.  Washington v. United States, 243

21   F.3d 1299, 1301 (11th Cir. 2001); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1059 n.1 (C.D. Cal.

22   2001).

23           In this case, Petitioner asserts that he is entitled to application of the mailbox rule to render

24   his federal petition timely.  Petitioner states that he handed his state application for post-

25   conviction relief to prison guards on July 5, 2005, nine days before the AEDPA limitations period

26   expired, and thus, the "mailbox" rule as outlined in Houston v. Lack, 487 U.S. 266, 108 S.Ct.

27

28   way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

1    2379 (1988), applies.  In support of his argument, Petitioner submits his own declaration in which

2    he declares that the instant petition was actually completed by himself on July 1, 2005, and signed

3    and handed to prison officials on July 5, 2005.  (Attachment 1 to Opposition to Motion to

4    Dismiss.)

5         In support of his motion to dismiss, Respondent submits a mail-log and argues that

6    Petitioner handed the instant petition to prison officials on July 15, 2005 for mailing, one day after

7    the statute of limitations expired.  (Exhibit 8, attached to Motion to Dismiss.)

8         Petitioner argues that pursuant to California State Prison Sacramento mail policy, out-

9    going mail is only processed between Sunday and Thursday.  Petitioner argues that July 14, 2005,

10   was a Thursday and was the last mailing day.  Petitioner further argues that the mail-log fails to

11   show the date, time or signature of the prison staff who received and processed the instant

12   petition.  (Opposition, at 7.)

13        Petitioner's argument has merit.  The mail-log submitted by Respondent does not

14   overcome Petitioner's declaration that he handed the instant petition to prison officials on July 5,

15   2005.  The mail-log merely lists that on July 15, 2005, a document was entered in the mail-log for

16   mailing to the United States District Court for the Eastern District of California.  (Exhibit 8,

17   attached to Motion to Dismiss.)  There is no interpretation of the mail-log, nor is there any

18   evidence of the procedure for processing mail submitted by inmates. More specifically, there is no

19   evidence as to how the instant petition was handled by prison staff for mailing.  Therefore, the

20   presumption remains that Petitioner handed the petition to prison officials for mailing on July 5,

21   2005, the date it was signed.  Based on the evidence before this Court, the single mail-log entry of

22   July 15, 2005, does not overcome Petitioner's evidence that he submitted the instant petition to

23   prison officials for mailing on July 5, 2005, the date it was signed.  Therefore, pursuant to the

24   mailbox rule, the instant petition is deemed filed as of July 5, 2005, and is timely.  Huizar v.

25   Carey, 273 F.3d at 1222, *citing* Houston v. Lack, 487 U.S. at 276.

26                       RECOMMENDATION

27        Based on the foregoing, it is HEREBY RECOMMENDED that:

28        1.       Respondent's motion to dismiss be DENIED; and

1      2.      The matter be referred back to the Magistrate Judge for further proceedings.

2      These Findings and Recommendations are submitted to the assigned United States District

3   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

4   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

5   thirty (30) days after being served with a copy, any party may file written objections with the court

6   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

7   Judge's Findings and Recommendations."  Replies to the objections shall be served and filed

8   within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The

9   Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

10   parties are advised that failure to file objections within the specified time may waive the right to

11   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12      IT IS SO ORDERED.

13    **Dated:   June 9, 2006**              **/s/ Dennis L. Beck**

3b142a                  UNITED STATES MAGISTRATE JUDGE